**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES HEADRICK, 27836-177,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:08-CV-1448-D** |
| | ) | **3:01-CR-296-D (08)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

**I.  Procedural background**

Petitioner challenges his conviction for conspiracy to possess with intent to distribute

more than 500 grams of methamphetamine in violation of 21 U.S.C. § 846.  On May 31, 2002,

Petitioner was sentenced to 210 months confinement and five years supervised release.  He did

not file an appeal.

On August 12, 2008, Petitioner filed this petition for writ of habeas corpus pursuant to 28

U.S.C. § 2255.[1]  Petitioner argues he received ineffective assistance of counsel which rendered

his guilty plea involuntary.  He states his attorney informed him that his federal sentence would

_____

[1]*See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding pro se
habeas petition is filed when papers are delivered to prison authorities for mailing).

run concurrently with his later-imposed state sentences.  He states he did not learn until 2005
that his federal sentence was not running currently with his state sentences.

On September 30, 2008, the Court ordered Petitioner to show cause why the petition
should not be dismissed as barred by the one-year statute of limitations.  On October 8, 2008,
Petitioner filed his response.  The Court now finds the petition should be dismissed as time
barred.

## II.  Discussion

## 1.      Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute
of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE
DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA").  The statute
provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action
> in violation of the Constitution or laws of the United States is removed, if the
> Petitioner was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if
> the right has been newly recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been
> discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In most cases, the limitations period begins to run when the judgment becomes final.  *See*
28 U.S.C. § 2255(1).  Petitioner's conviction became final on June 10, 2002.  See FED. R. CRIM.
P. 4(b)(1)(A)(i) (stating appeal must be filed within ten days of judgment).  Petitioner then had

one year, or until June 10, 2003, to file his § 2255 petition.  He did not file his petition until

August 12, 2008.  Under § 2255(1) his petition is therefore untimely.

The petition is also untimely under § 2255(4).  Under that section, the limitations period

runs from "the date on which the facts supporting the claim or claims presented could have been

discovered through the exercise of due diligence."  Petitioner states he did not learn until "mid-

2005" that his federal sentence was not running concurrently with his state sentences.  Even if

the Court finds the factual predicate of Petitioner's claim did not arise until mid-2005, the

petition is still untimely.  Petitioner's one-year limitations period would have expired in mid-

2006.  He did not file his federal petition until August 12, 2008.  Petitioner has therefore failed to

file his petition within the one-year limitations period.

## 2.      Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional

cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify

equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable

tolling applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.

Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124,

128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable

tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Although Petitioner learned in mid-2005 that his federal sentence was not running concurrently with his state sentences, he states it was not until March, 2007, that he obtained proof that his counsel provided erroneous advice.  He states that in March, 2007, during a state habeas hearing, his counsel admitted that he provided the incorrect advice to Petitioner.

To obtain equitable tolling, Petitioner must show that he diligently pursued his habeas remedies.  *United States v. Redd*, 562 F.3d 309, 314 (5th Cir. 2009); *see also*, *Fisher* 174 F.3d at 715 (5th Cir. 1999) (stating equity "is not intended for those who sleep on their rights").  Although Petitioner states he did not have "proof" of his attorney's incorrect advice until the March, 2007, state habeas hearing, Petitioner has not shown that he was prevented from filing his habeas petition within one year of learning the factual predicate of his claim.  He has also failed to show that he could not have obtained proof of his counsel's erroneous advice within the one-year limitations period.   Finally, even if the Court were to grant equitable tolling until March, 2007, Petitioner failed to file his federal petition within one year of this date.  He did not file the petition until August 12, 2008.  Petitioner has not shown rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED as barred by the one-year statute of limitations.

Signed this 14th day of October, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).